FILED

SEP 16 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY JOHNSON, | ) |
| Plaintiff, | ) NO. **05C 5365** |
| v. | ) |
| | ) JURY DEMAND  JUDGE ASPEN |
| DKW ENTERPRISES, LLC, | ) |
| Defendant. | ) MAGISTRATE JUDGE SCHENKIER |

## COMPLAINT

**NOW COMES** the Plaintiff, KIMBERLY JOHNSON, by and through her attorneys, Jonathan C. Goldman and Arthur R. Ehrlich of Goldman & Ehrlich, and as her Complaint against the Defendant, DKW ENTERPRISES, LLC, states as follows:

### JURISDICTION, VENUE AND THE PARTIES

1.      This is an action for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq.

2.      The Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e, et seq.

3.      The Plaintiff requests a trial by jury.

4.      On September 9, 2004, the Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging sexual harassment and retaliation (Charge No. 210-2004-07467). The Plaintiff was discharged on November 22, 2004 after the Defendant became aware of her Charge of Discrimination and on January 19, 2005, the Plaintiff filed a second Charge of Discrimination alleging retaliation (Charge No. 210-2005-02310). On June 28, 2005, the EEOC issued a dismissal and notice of rights for both charges informing the Plaintiff that she had ninety (90) days in which to file a complaint in the U.S. District Court.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

5. Venue is proper in the Northern District of Illinois, Eastern Division because the alleged acts occurred within this district.

6. The Plaintiff, KIMBERLY JOHNSON, is a resident of Chicago, Illinois.

7. The Defendant, DKW ENTERPRISES, LLC, is a LLC operating a McDonald's Restaurant Franchise at 6355 South Martin Luther King Drive in Chicago, Illinois.

## COUNT I - SEXUAL HARASSMENT

8. The Plaintiff began working for the Defendant in or about June 2004 as a crew member. At all relevant times, the Plaintiff was sixteen (16) years old.

9. The Plaintiff was supervised at times by assistant manager, Charles Buchanan. In late June/early July, Buchanan began making unwelcome sexual advances toward the Plaintiff. On a persistent basis, he commented on her appearance, asked her if she would have sex with him, and made comments of a sexual nature. On one occasion, he followed her to the break room where he made advances toward her and touched her breast. The Plaintiff rejected Buchanan's advances and reported Buchanan's actions to the store manager and the owner of the franchise, but Buchanan continued to make unwanted sexual advances towards the Plaintiff creating a hostile work environment. Upon information and belief, Buchanan had made sexual advancements toward other younger women working at the Defendant, but nothing was done.

10. The Defendant's conduct constitutes sexual harassment in violation of title VII of the Civil Rights Act, 42 U.S.C. 2000e et seq.

11. As a result of the Defendant's sexual harassment of her, the Plaintiff has suffered stress and emotional injuries entitling her to compensatory damages.

12. Furthermore, because the Defendant's conduct was wilful and wanton, the Plaintiff is entitled to punitive damages.

13. The Plaintiff is also entitled to her costs of suit and reasonable attorney's fees.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-8733

91122

**WHEREFORE,** the Plaintiff requests that this Court enter judgment in favor of the Plaintiff and against the Defendant and award the following relief:

A. Compensatory damages;

B. Punitive damages;

C. The Plaintiff's cost of suit and attorney's fees; and

D. Any other and further relief as this Court deems just.

## COUNT II - RETALIATION

1-9. The Plaintiff realleges paragraphs one through nine (1-9) of Count I as paragraphs one through nine (1-9) of this Count II.

10. The Plaintiff and her mother reported Buchanan's actions to the store manager, Deloris Scott, and the franchise owner, Darrell Winbush. Buchanan was informed of the Plaintiff's allegations. Subsequently, the Defendant reduced the Plaintiff's hours, forced her to perform undesirable duties, refused to transfer her to another location, and continued to have Buchanan supervise the Plaintiff and work the night shift when a large number of young female employees work.

11. On September 9, 2004, the Plaintiff filed a charge of discrimination with the EEOC. The Defendant became aware of the Plaintiff's charge and submitted a position statement to the EEOC on October 28, 2004. Subsequently, on November 22, 2004, Winbush discharged the Plaintiff telling her that he was doing so because her complaint was drawing too much attention to the store, or words to that effect.

12. The Defendant also indicated that it discharged the Plaintiff because on four (4) occasions after she reported the sexual harassment, her cash register was either short or over. These alleged cash register deviations were each discovered by Buchanan after the Plaintiff confirmed that her cash register balanced. The Plaintiff informed Scott and Winbush that she

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

believed Buchanan had tampered with her drawer after she submitted it to Buchanan, but nothing was done. Buchanan had been accused of tampering with the cash drawers of other employees.

13.     The Defendant discharged the Plaintiff in retaliation for her opposition to sexual harassment in violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e et seq.

14.     As a direct result of the Defendant's actions, the Plaintiff has been deprived of wages and will continue to be deprived of wages in the future.

15.     In addition, the Plaintiff has suffered stress and emotional injuries entitling her to compensatory damages.

16.     Furthermore, because the Defendant's conduct was wilful and wanton, the Plaintiff is entitled to punitive damages.

17.     The Plaintiff is also entitled to her costs of suit and reasonable attorney's fees.

**WHEREFORE,** the Plaintiff requests that this Court enter judgment in favor of the Plaintiff and against the Defendant and award the following relief:

    A.    Backpay;

    B.    Front pay;

    C.    Compensatory damages;

    D.    Punitive damages;

    E.    The Plaintiff's cost of suit and attorney's fees; and

    F.    Any other and further relief as this Court deems just.

Jonathan C. Goldman of Goldman & Ehrlich,
As attorneys for KIMBERLY JOHNSON

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

91122

4